IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SAFE SKIES CLEAN WATER
WISCONSIN, INC.,

          Plaintiff,

v.

NATIONAL GUARD BUREAU, *et al.*,

          Defendants.

Case No. 3:20-cv-1086-wmc

**JOINT CASE MANAGEMENT PLAN**

Pursuant to Federal Rule of Civil Procedure 26(f) and this Court's Standing Order, *see* Feb. 16, 2021 Order, the Parties file the following Joint Case Management Plan:

**1.**    **Statement as to the Nature of the Case**

This case is a civil action for declaratory and injunctive relief brought under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706. Specifically, plaintiff brings claims alleging that the Defendants have violated the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4231, *et seq*, and the APA in issuing an Environmental Assessment ("EA") for construction activities at the 115th Fighter Wing Installation (Truax Field) at Dane County Regional Airport, Madison, Wisconsin.

**2.**    **Names of Related Cases**

The Parties are not aware of any related cases.

**3.**    **Material Factual and Legal Issues to be Resolved at Trial**

The Parties agree that Plaintiff's claims will be resolved through motions for summary judgment that will be decided on an administrative record. As such, the Parties agree that trial will not be necessary. The motions for summary judgment will concern whether, based on the

administrative record, Defendants complied with NEPA and the APA in issuing an EA for construction activities at Truax Field.

**4.      Amendments to Pleadings**

The Parties do not anticipate further amendments to the pleadings at this time.  Plaintiff reserves the right to move to amend the Complaint within 21 days after review of the draft administrative record.

**5.      Addition of New Parties**

The Parties do not expect to add any new parties to the lawsuit.

**6.      Estimated Trial Length**

The Parties agree that this case will be resolved through motions for summary judgment, rather than trial.

**7.      Other Matters**

The Parties stipulate that the disclosure requirements in Federal Rules of Civil Procedure 26(a)(1)(B)(i) and 26(a)(2) do not apply to this case.  Further, because this case will be decided on an administrative record, the Parties agree that discovery will not be conducted.

**8.      Proposed Schedule**

The Parties propose the following schedule for proceedings:

A.      Defendants shall compile and provide a draft administrative record to Plaintiff on or before April 6, 2021.

B.      If there are any disputes over the contents of the draft administrative record, the Parties shall seek to informally resolve them by April 30, 2021.  In all events Defendants shall lodge the certified administrative record on or before April 30, 2021.  The certified administrative record may be lodged with the Court in electronic format.  Specifically, Defendants will file a notice of lodging on ECF and deliver to the Court hard copies of the

Notice and attachments, and two copies of the flash drive that contain electronic versions of all of the documents in the administrative record and a hyperlinked index to the record. Defendants intend one copy of the flash drive set for the Clerk of Court's Office and one copy of the flash drive set for this Court's Chambers. Any electronically filed documents will be served on upon Plaintiffs' counsel through ECF. In addition, Defendants will share the certified record with Plaintiff's counsel through a file transfer site and provide a copy of the record on a flash drive.

       C.      If the Parties are unable to resolve any disputes over the administrative record informally, Plaintiff shall have until May 14, 2021, to file a motion, if any, objecting to the contents of, or seeking to supplement, the administrative record.

       D.      Briefing Schedule: The Parties propose that the case be resolved by sequential briefing on cross-motions for summary judgment. In the event that Plaintiff does not file a motion regarding the administrative record, Plaintiff shall file a motion for summary judgment and supporting brief no later than forty-five (45) days after the lodging of the complete administrative record. Defendants shall file a cross-motion for summary judgment, supporting brief and response to Plaintiff's motion within forty-five (45) days of Plaintiff's filing. Plaintiff shall file one combined response/reply brief to Defendants' cross –motion and response brief within thirty (30) days of the filing of Defendant's cross-motion and response brief. Defendants shall file a reply to Plaintiff's response within thirty (30) days of the filing of Plaintiff's combined response/reply.

In the event that Plaintiff files a motion regarding the administrative record, the Parties shall submit a briefing schedule following the resolution of Plaintiffs' motion.

Respectfully submitted this 10th day of March, 2021,

/s/ Kathleen G. Henry
Kathleen G. Henry (WI Bar No. 1118591
Dairyland Public Interest Law
PO Box 352
Madison, WI 53701
(608) 213-6857
khenry@dairylandpublicinterestlaw.com

*Attorneys for Plaintiff*


JEAN E. WILLIAMS
Acting Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

*/s/ Gregory M. Cumming*

Gregory M. Cumming (D.C. Bar No. 1018173)
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
150 M St., N.E.
Washington, D.C. 20002
(202) 598-0414 (phone)
gregory.cumming@usdoj.gov

*Counsel for Defendants*